United States Court of Appeals,

Eleventh Circuit.

No. 95-6117.

Brenda P. MILES, Plaintiff-Appellant,

v.

Shirley S. CHATER, Commissioner of Social Security, Defendant-Appellee.

June 11, 1996.

Appeal from the United States District Court for the Northern District of Alabama.

Before ANDERSON and BLACK, Circuit Judges, and HENDERSON, Senior Circuit Judge.

PER CURIAM:

This is an appeal from the judgment of the United States District Court for the Northern District of Alabama affirming the denial of Brenda P. Miles' application for disability insurance benefits. For the reasons that follow, we reverse and remand for further proceedings.

## I. BACKGROUND

Miles applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq., alleging that she was unable to work because of depression and numerous physical problems. Her application was denied initially and again after reconsideration. Thereafter, she requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied her claim. The Appeals Council then rejected Miles' subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v. Bowen,* 792 F.2d 129, 131 (11th Cir.1986).

The administrative record contains conflicting opinions with respect to the effect of Miles' physical and mental impairments on her capacity to perform substantial gainful activity.[2] Dr. L.

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

[2] The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

Edward Shehi, Jr., a psychiatrist who evaluated Miles' mental condition at the behest of her attorney, found that Miles suffered from major depression. In a questionnaire accompanying his diagnosis he reported a "marked" limitation on her ability to perform in a work setting.[3] By contrast, R.J. Kline, Ph.D., a consulting psychologist for the Commissioner, diagnosed a mild adjustment disorder with anxious mood. He found that Miles' ability to perform work-related activities was "quite good and relatively normal." (Administrative Record at 221). Similarly, the physicians who evaluated Miles' physical restrictions came to differing conclusions. David A. McLain, M.D., who examined Miles also at her attorney's request, opined that Miles was "totally disabled from any employment." (*Id.* at 285). Morton S. Rickless, M.D., a consulting physician for the Commissioner, found, on the other hand, that she retained the residual functional capacity to perform tasks associated with sedentary work. (*Id.* at 237).

In a decision issued after the hearing, the ALJ rejected the evaluations of Drs. Shehi and McLain and credited those of Drs. Kline and Rickless as supported by substantial evidence. The ALJ provided several reasons for this credibility determination, which included an observation that "Dr. McLain's examinations for Mr. McCluskey [Miles' attorney] almost invariably conclude that the person being examined is totally disabled." (*Id.* at 29).[4] Based upon the opinions of Kline and Rickless and the other evidence of record the ALJ concluded that Miles could no longer perform her past relevant work, but was able to perform other jobs in the economy. He thus determined that she was not disabled.

After the Appeals Council declined review, Miles filed this action in the district court in

---

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a). Substantial gainful activity is "work that—(a) Involves doing significant and productive physical or mental duties; and (b) Is done (or intended) for pay or profit." 20 C.F.R. § 404.1510.

[3]The questionnaire defined "marked" as "[a]n impairment which seriously affects ability to function." (Administrative Record at 217).

[4]The ALJ stated also that McLain "concluded (as he usually does) that she was totally disabled." (Administrative Record at 28) (parenthetical in the original) (record citation omitted).

accordance with 42 U.S.C. § 405(g).[5]  In addition to challenging the merits of the Commissioner's decision, Miles asserted that the ALJ's statement concerning McLain's "invariable" findings on behalf of Social Security claimants represented by McCluskey was not supported by evidence in the record.  The district court observed that, indeed, there was no such proof.  The court stated:

> What is the source and substantiation of these statements?  It is certainly not in this record.  Is the ALJ reflecting on his own past experience or merely restating gossip within the Social Security family?
>
> In point of fact, no matter what the provenance of these statements is, they cannot appear *sua sponte* (if at all) in the final opinion.  Their inclusion is both unfair to Miles, who has had no opportunity to rebut them, and gratuitous insults to Dr. Miles [sic] and Murray P. McCluskey, deserved or not.  Whether these comments were based in personal experience or personal animosity, they have no place in the disability evaluation process.

(R1-9 at 16-17).  The court concluded, however, that no precedent required reversal of the ALJ's decision due to these prejudicial statements.  The court held that, in spite of the ALJ's improper comments, the decision should be affirmed because it was supported by substantial evidence.

## II. STANDARD OF REVIEW

Our review in a Social Security case is the same as that of the district court.  *Martin v. Sullivan,* 894 F.2d 1520, 1529 (11th Cir.1990).  "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]."  *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.1983).  Rather, we must defer to the Commissioner's decision if it is supported by substantial evidence.  *Id.*  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Id.* (citing, *inter alia, Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971)).  If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it.  *Martin,* 894 F.2d at 1529.  There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid.  *Id.*  Instead, we conduct "an exacting examination" of these factors.  *Id.*

---

[5]Section 405(g) provides for judicial review of final decisions of the Commissioner made after a hearing.

## III. DISCUSSION

Miles urges that the decision to deny her application for benefits was not supported by substantial evidence. She also charges that the ALJ erroneously considered evidence outside the record in discounting McLain's medical opinion, namely, that McLain consistently finds disability in cases of clients represented by her attorney, McCluskey. After careful consideration of her contentions, we conclude that she is entitled to an unbiased evaluation of her claim before another ALJ. We therefore do not reach the issue of whether substantial evidence supported the final decision.

The Social Security Act "contemplates that disability hearings will be individualized determinations based on evidence adduced at a hearing." *Heckler v. Campbell,* 461 U.S. 458, 467, 103 S.Ct. 1952, 1957, 76 L.Ed.2d 66, 74 (1983). A claimant is entitled to a hearing that is both full and fair. *Clark v. Schweiker,* 652 F.2d 399, 404 (5th Cir.1981).[6] The regulations governing Title II dictate that "[a]n administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." 20 C.F.R. § 404.940.

When a claimant objects to the assignment of a particular ALJ to his or her case, he or she must notify the ALJ at the earliest opportunity. *Id.* If the ALJ withdraws, the Associate Commissioner for Hearings and Appeals or his delegate will appoint another ALJ to conduct the hearing. *Id.* If the ALJ declines to recuse himself, the claimant may seek reconsideration after the hearing by raising the issue before the Appeals Council. *Id.*

In the present case, the objectionable comments of the ALJ were made in the opinion issued after the hearing. Consequently, Miles' earliest opportunity to object was before the Appeals Council. In the brief she submitted to the Appeals Council, she asserted that the ALJ's statements demonstrated "an obvious bias either against the claimant's evidence, the claimant herself or the claimant's attorney." (Administrative Record at 9). The Appeals Council failed to address this

---

[6]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as precedent all decision of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

charge in denying her request for review.

The ALJ plays a crucial role in the disability review process. Not only is he duty-bound to develop a full and fair record, he must carefully weigh the evidence, giving individualized consideration to each claim that comes before him. Because of the deferential standard of review applied to his decision-making, the ALJ's resolution will usually be the final word on a claimant's entitlement to benefits. The impartiality of the ALJ is thus integral to the integrity of the system. *See Johnson v. Mississippi,* 403 U.S. 212, 216, 91 S.Ct. 1778, 1780, 29 L.Ed.2d 423, 427 (1971) (citations omitted) ("Trial before "an unbiased judge is essential to due process.").

The ALJ's observations here with respect to the medical opinions rendered by McLain for McCluskey's clients, without any evidence in support thereof, reflect that the process was compromised in this case.[7] We therefore hold that Miles is entitled to an unbiased reconsideration of her application for benefits before a different ALJ. *See* 20 C.F.R. § 404.940 (providing as a remedy the holding of a new hearing before another ALJ); *see also Ventura v. Shalala,* 55 F.3d 900 (3d Cir.1995).

## IV. CONCLUSION

Accordingly, we REVERSE the judgment of the district court and REMAND the case to that court with instructions to order a new hearing before another ALJ.

---

[7]We note that the ALJ made a similar observation with respect to Miles' psychiatric consultant, Shehi, stating "[a]lthough the assessment by Dr. L. Edward Shehi, Jr., who examined the claimant at the request of Mr. McCluskey, not unexpectedly found marked impairments in all categories due to major depression, the assessment from the treating physicians and the [Commissioner's] consulting psychologist indicated a much less severe impairment." (Administrative Record at 28) (record citations omitted).