[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 21, 2006
THOMAS K. KAHN
CLERK

No. 05-13983
Non-Argument Calendar

_____

D. C. Docket No. 03-00365-CV-FTM-DNF

JOSEPH L. OTTO,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 21, 2006)

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Joseph L. Otto, proceeding pro se, appeals an order that affirmed the denial

of disability benefits by the Commissioner of Social Security.  Because substantial evidence supports the denial of benefits by the Commissioner, we affirm.

**BACKGROUND**

In January 1992, Otto applied for disability insurance benefits for a disability he alleges dated back to November 11, 1991.  Otto alleged that he suffered from lung cancer and high blood pressure.  Otto had a lung removed and recovered well from the surgery with no signs of a return of the cancer.  The only limitation the surgery placed on Otto was that for one month following the surgery he could not engage in heavy lifting or strenuous activity.  There is nothing in the record that suggests the high blood pressure interfered with Otto's ability to work.  Otto also complained of shortness of breath (dyspnea) and curvature of the spine (kyphosis).

Otto's request for benefits was denied and he requested a hearing by an ALJ.  On May 12, 1993, the ALJ determined that, based on the record, Otto was not disabled for a period of twelve consecutive months as required by the Social Security Act, and the ALJ denied Otto benefits.  The Appeals Council denied Otto's request for review and Otto appealed to the district court for the Middle District of Florida, which affirmed.  Otto then appealed to this court, which found that the record was inadequate to evaluate his claims, and remanded the case with

the suggestion that the Commissioner obtain a consultive examination.

Dr. Kenneth Berdick performed a consultive examination on April 3, 1998. Among other tests, Berdick performed a spirometric pulmonary function test and found that Otto was not suffering from dyspnea sufficient to interfere with his ability to work. On May 9, a second ALJ, having taken into account Berdick's examination, determined that Otto was not disabled as of March 31, 1993, and Otto was, at that time, capable of performing his previous jobs of apartment manager and console operator at an alarm service. The ALJ informed Otto that, under Social Security Administration regulations, "we will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." The regulation the ALJ quoted does not say "we will never," but does state that "statements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged . . . ." 20 C.F.R. § 404.1529(a). Otto appealed his claim to the AC, the district court, and this court, and his case was remanded again to provide Otto with the opportunity for an oral hearing.

The oral hearing took place on September 7, 2000, before the same ALJ as the 1998 hearing, and the ALJ noted that it had not received documents it requested from the Office of Veteran's Affairs hospital that had treated Otto in 1999. After the hearing, the ALJ left the record open to allow Otto to provide those records to the ALJ. After Otto provided the records–the results of a July 7, 1999 pulmonary function test–the ALJ determined that Otto retained the ability to do work as of March 31, 1993, and was not eligible for benefits. Otto appealed this decision to the AC, which denied review and informed Otto that he must file a new complaint in the district court if he desired judicial review. Otto filed a document captioned "Notice of Appeal" in the district court, which the district court forwarded to this court. We dismissed that appeal as untimely. Otto filed a writ of certiorari with the United States Supreme Court, which denied the writ.

After the Supreme Court denied certiorari, the Commissioner allowed Otto to file a new complaint in the district court. Otto complained that he had not been properly tested for dyspnea, the ALJ was biased, and Berdick was not qualified to diagnose his dyspnea. The parties consented to the jurisdiction of a magistrate judge, and the magistrate judge affirmed the denial of benefits by the ALJ.

## STANDARD OF REVIEW

"We review the [Social Security] Commissioner's decision to determine if it

4

is supported by substantial evidence and based upon proper legal standards. . . . Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Lewis v. Callahan, 125 F.3d 1436, 1439-40 (11th Cir. 1997). "When, as in this case, the ALJ denies benefits and the [Appeals Council] denies review, we review the ALJ's decision as the Commissioner's final decision." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

## DISCUSSION

Otto presents three arguments on appeal. First, Otto argues that the evidence does not support the determination that he was not disabled prior to March 31, 1993. Second, Otto seeks to present new evidence to support his claim. Third, Otto appears to argue that the ALJ was biased against him.

To receive disability benefits, the claimant must establish that he was disabled during the time for which he was insured by Social Security. 20 C.F.R. § 404.131(a). It is the responsibility of the claimant to provide sufficient evidence to establish his disability. 20 C.F.R. § 404.1512(a). The claimant must "furnish medical and other evidence that [the Commissioner] can use to reach conclusions about [the claimant's] medical impairment(s) and . . . its effect on [his] ability to work on a sustained basis." Id.

Otto's argument that the evidence does not support the determination of the ALJ fails. Otto had to establish that he was disabled before March 31, 1993, when his disability insurance coverage ended, but the only medical evidence Otto produced from the period before March 31, 1993, related to his lung cancer and the removal of his lung. Other than a one month period immediately following the surgery during which Otto could not engage in heavy lifting or strenuous activity, no restrictions were placed on Otto as a result of the surgery. Otto produced no evidence to establish that he had been diagnosed with either dyspnea or kyphosis before March 1993.

Otto erroneously argues that his dyspnea could have been diagnosed except that the ALJ did not follow the required procedure when it ordered a medical examination of Otto in 1998. Otto was given a spirometric pulmonary function test to check for dyspnea, and the test results were negative. Otto argues that a spirometric test is not sufficient under the regulations, but the regulations governing pulmonary problems state that "[r]espitory impairments usually can be evaluated . . . on the basis of a complete medical history, physical examination, a chest x-ray or other appropriate imaging techniques, and <u>spirometric pulmonary function tests</u>." 20 C.F.R. pt. 404, subpt. P, app. 1 § 3.00A (emphasis added). The regulation lists several conditions for which a spirometric test is insufficient, but

none of these exceptions applies to Otto.

Otto next erroneously attempts to introduce new evidence on appeal to support his argument that he has was disabled. The new evidence consists of the results of a pulmonary function test and an echocardiogram performed by a Department of Veteran Affairs hospital on December 10, 1999, and a photograph of Otto. New evidence may only be taken if it is "material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Evidence is considered material if "a reasonable possibility exists that the new evidence would change the administrative result . . . ." Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998). The test results are immaterial because they are from 1999 and contain no discussion of what Otto's condition might have been as of March 31, 1993. The photograph of Otto also is immaterial because it is not sufficient evidence of current suffering of kyphosis, much less his physical condition in March 1993. Furthermore, Otto has advanced no reason why he was unable to produce this evidence at his hearing in 2000.

Finally, although the regulations require that the ALJ must not be prejudiced or partial in any way during the hearing, 20 C. F.R. § 404.940; see also Miles v. Chater, 84 F.3d 1397, 1400-01 (11th Cir. 1996), Otto's claims of prejudice are not supported by the record. The use of the phrase "we will never" by the ALJ was

7

reviewed by the AC, which determined that Otto was taking the statement out of context and there was no evidence the ALJ was biased. This appeal is from a review of the 2000 ALJ hearing and the statement about which Otto complains was made in 1998. The alleged bias by the ALJ in 1998 is nowhere evident in the 2000 hearing. The ALJ gave Otto every opportunity to present all his evidence and made sure that Otto understood the rules that govern Social Security determinations, and the final decision of the ALJ does not reveal any bias.

## CONCLUSION

The decision of the ALJ to deny Otto disability insurance benefits is

**AFFIRMED.**