[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 5, 2006
THOMAS K. KAHN
CLERK

No. 05-12916
Non-Argument Calendar
_____

D. C. Docket No. 03-00466-CV-FTM-33SPC

KUDRET S. OGRANAJA,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 5, 2006)

Before TJOFLAT, CARNES and HULL, Circuit Judges.

PER CURIAM:

Kudret Ogranaja appeals from the district court's order affirming the

administrative law judge's denial of his application for supplemental security income. Ogranaja contends that the ALJ erred by (1) finding that he did not suffer from a severe mental impairment; (2) relying on the assessments of two non-examining physicians in determining that he had the residual functional capacity for a full range of medium work; and (3) disregarding the third prong of our three-part standard for assessing a claimant's subjective complaints of pain.

We review a social security case for whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. See Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner; instead we "must defer to the Commissioner's decision if it is supported by substantial evidence." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence is defined as more than a scintilla, i.e., evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citation omitted). We conclude that the Commissioner's decision is supported by substantial evidence, and we affirm.

# I.

A claimant bears the burden of proving that he has a severe impairment or combination of impairments. Jones v. Apfel, 190 F.3d 1224, 1228 (11th Cir. 1999). "[A]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). Subjective complaints are insufficient to establish a disability. See Edwards v. Sullivan, 937 F.2d 580, 584 (11th Cir. 1991); 20 C.F.R. § 416.929(a).

We reject Ogranaja's contention that the ALJ erred in finding he did not suffer from a severe mental health impairment. The ALJ found:

> The claimant alleged at the hearing that he is depressed. He claimed that he does not want to do anything. However, there is no objective medical support in the record that the claimant has a "severe" mental impairment. There is no indication in the record that he has sought out or received psychological or psychiatric treatment. In fact, the record shows that the only mental evaluation that the claimant has undergone is a one-time psychological evaluation that was conducted by Dr. Nicholas Anthony . . . at the request of claimant's attorney. The report of the evaluation was highly subjective and not supported by any significant clinical findings, as Dr. Anthony stated that his statement that the claimant "is suffering from a depression of clinically significant proportions" was supported by the claimant's "report and the observations of his children." The doctor

3

went on for two paragraphs in describing the claimant's subjective complaints and concluded from these subjective complaints that the claimant has a GAP of only 45. However, the evaluation showed that he had focused thought content, was oriented to person, place and time, and had intact memory, reasonable judgment, average intelligence and logical thought processes . . . .

The ALJ pointed out that "[o]ne sole mental evaluation that is based on subjective complaints and not on significant clinical findings is not sufficient to establish that the claimant has a mental problem that results in significant limitations, as neither the claimant's allegations nor unsupported diagnoses are sufficient, in and of themselves, to establish the existence or degree of an impairment." For that reason, the ALJ gave Dr. Anthony's opinions no weight and thus rejected Ogranaja's contention that he suffered from a severe mental health impairment. The record does not contain any other evidence indicating a history of mental illness or treatment for mental problems, and substantial evidence supports the ALJ's decision that Ogranaja failed to prove that he suffers from a severe mental health impairment.

Additionally, Ogranaja's argument that the ALJ failed to consider his mental condition in combination with his other impairments is without merit. The ALJ specifically identified and considered both of Ogranaja's claims of impairment and determined that only one of the impairments, the lumbar herniated disc, was

4

severe.  Substantial evidence supports the ALJ's decision to give "no weight" to Dr. Anthony's evaluation, and the remainder of the record fails to support Ogranaja's subjective complaint that he suffered from depression.  Under those circumstances the ALJ was not required to consider the mental condition in combination with Ogranaja's other impairments.

## II.

"[T]he opinion of a treating physician is entitled to substantial weight unless good cause exists for not heeding the treating physician's diagnosis."  Edwards, 937 F.2d at 583.  We have found "good cause" to afford less weight to a treating physician's opinion where the opinion was conclusory or inconsistent with the physician's own medical records or where the evidence supported a contrary finding.  See Lewis, 125 F.3d at 1440.  Taken alone, the opinion of a non-examining physician does not constitute substantial evidence to support the Commissioner's decision.  Swindle v. Sullivan, 914 F.2d 222, 226 n.3 (11th Cir. 1990).  However, the ALJ may consider the reports and assessments of state agency physicians as expert opinions.  20 C.F.R. § 416.927(f)(2)(i).

The ALJ did not err in discounting Dr. Diaz's opinion regarding Ogranaja's physical capabilities because substantial evidence indicates that it is inconsistent with her examination findings, as well as other examination reports in the record.

See Lewis, 125 F.3d at 1440.  Specifically, Dr. Diaz's examination findings for her one-time neurological consultation with Ogranaja indicate a normal mental status, normal sensory responses, a normal gait, and motor skills and tendon reflexes that clash with her recommended limitations on Ogranaja's ability to work.  Dr. Diaz's recommendations are also contradicted by other examinations in the record that indicate no abnormality.   Her opinion is likewise discredited by Ogranaja's striking lack of treatment history revealed by a gap in the medical records from June 25, 1997 until August 21, 2001.  As a result, the ALJ gave Dr. Diaz's examination findings no weight.

The ALJ arrived at his decision after considering the record in its entirety and did not rely solely on the opinion of the state agency physicians.  The ALJ found that, unlike Dr. Diaz's opinions, the expert opinions of the non-examining state agency physicians were supported by and consistent with the record as a whole.  Under the circumstances, substantial evidence supports the ALJ's decision to assign great weight to those opinions.

### III.

We require a claimant who seeks "to establish a disability based on testimony of pain and other symptoms" to show: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the

6

severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). An ALJ must articulate "explicit and adequate reasons" in order to discredit subjective testimony. Id. Failure to do so "requires, as a matter of law, that the testimony be accepted as true." Id. We do not require the ALJ to "specifically refer to every piece of evidence in his decision," so long as the decision is sufficient to allow us to conclude that the ALJ considered the claimant's medical condition as a whole. Dyer v. Barnhart, 395 F.3d 1206, 1211 (11th Cir. 2005).

Ogranaja's contention that the ALJ failed to consider that his medical condition could reasonably be expected to give rise to the claimed pain is without merit. The record shows that while Ogranaja suffered from a herniated disc in 1997, since that time his back injury has improved considerably. The ALJ considered the following in discrediting Ogranaja's claims of pain: (1) recent medical reports showing Ogranaja's condition as normal; (2) the four year gap in treatment history; (3) refusal to undergo recommended surgery; (4) a medical report indicating that any pain was generally controlled by analgesic medication; (5) Ogranaja's admission that he continued to look for work which shows he feels capable of working; and (6) that the inconsistencies between his application and

7

testimony "lends further doubt [to] his credibility." The ALJ considered

Ogranaja's medical condition in its entirety and specifically identified evidence

that discredits Ogranaja's complaints. The ALJ applied the proper legal standard,

and the decision is supported by substantial evidence; we affirm.

**AFFIRMED.**