[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11721
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:08-cv-01701-GAP-DAB

DOROTHY MOISE,
on behalf of Kenyatetta E. Franklin,

                                        Plaintiff-Appellant,

                        versus

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 8, 2010)

Before EDMONDSON, CARNES, and MARTIN, Circuit Judges.

PER CURIAM:

On behalf of her minor niece, Kenyatetta E. Franklin, Dorothy Moise appeals the district court's decision affirming the Commissioner's denial of Franklin's supplemental security income benefits, 42 U.S.C. §§ 405(g), 1383(c)(3). That denial was based on, among other things, a finding that the Administrative Law Judge was not biased. In support of her request for review to the Appeals Council, Moise alleged that Franklin "did not receive a full and fair hearing before this ALJ." Moise contends only that the Appeals Council applied the incorrect legal standard under SSA Publication No. 05-10071 and SSA procedural regulation 57 Fed. Reg. 49186 by failing to "look into" her complaint that the ALJ was biased in denying the benefits claim.[1] Moise argues that the Appeals Council failed to "look beyond" the transcript and see a pattern of retaliation by the ALJ against claimants represented by her attorney, Richard Culbertson.

Our review of the Commissioner's decision is "demarcated by a deferential

---

[1] Moise does not contest the ALJ's substantive finding regarding cessation of Franklin's disability or otherwise take issue with the Commissioner's final decision in her brief. Moise's failure to raise the issues means that we need not address their merits. Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1330 (11th Cir. 2004) ("[T]he law is by now well settled in this Circuit that a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

reconsideration of the findings of fact and an exacting examination of the conclusions of law." Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). The Commissioner's "conclusions of law, including applicable review standards, are not presumed valid" and are reviewed de novo, but the Commissioner's factual findings are conclusive if "supported by substantial evidence." Id. (quotation marks omitted). Substantial evidence is "more than a scintilla, but less than a preponderance: it is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. (quotation marks and alterations omitted).

A Social Security claimant is entitled to a hearing that is "full and fair." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The ALJ plays a "crucial role in the disability review process" and has a duty to "develop a full and fair record" and to "carefully weigh the evidence, giving individualized consideration to each claim." Id. at 1401. Because the ALJ's decision will typically be the final word given our standard of review, the ALJ's impartiality is "integral to the integrity of the system." Id. The ALJ thus must "not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision." Id. at 1400 (quoting 20 C.F.R. § 404.940).

If a claimant fears that a particular ALJ will not provide a fair hearing, she must notify the ALJ at the earliest opportunity. 20 C.F.R. § 416.1440. If the ALJ

3

declines to recuse herself, the claimant may seek reconsideration by raising the issue before the Appeals Council.  Id.  The current version of SSA Publication No. 05-10071 provides:

> If you think any ALJ treated you unfairly, you should tell us about it and ask us to look into it.  You can ask even while we are deciding your claim for benefits.
>
> . . .
>
> Someone who has not been handling your claim before will look into the information you gave us in the complaint.  You will be advised when the matter is closed.
>
> If you also appealed the decision on your claim and included information about your complaint, the Appeals Council will address your complaint when responding to your appeal.

SSA Pub. No. 05-10071 (2010).

Moise also points to a notice titled "Social Security Administration Procedures Concerning Allegations of Bias or Misconduct by Administrative Law Judges" that states:

> SSA is committed to providing every claimant and his or her representative fair and unbiased treatment in the handling of all claims buy [sic] its [Office of Hearings and Appeals] hearing offices.  SSA is also committed to ensuring that claimants and their representatives are afforded timely opportunities to raise any complaints that they may have about alleged bias or misconduct by Administrative Law Judges, and to have their complaints reviewed or investigated.

57 Fed. Reg. 49186–03, 49186 (Oct. 30, 1992).  That regulation further provides

that if the complaint alleging bias is filed after the ALJ's decision but before the expiration of the time to appeal to the Appeals Council, the claimant may present the claim "to the Appeals Council as a basis for granting review," have the allegations reviewed as part of the request for review, and "be informed of the results of the review." Id. at 49187.

Moise presented to the Appeals Council her claim that she did not receive a full and fair hearing before the ALJ presiding over her case. The Appeals Council addressed her complaint of bias in its notice of action. It stated that it had reviewed those allegations and "carefully studied all of the evidence in the record, including the recording that was made during the hearing." It informed Moise of the results of its review, stating it found "no evidence of unfair treatment or other inappropriate action" by the ALJ. The Appeals Council thus correctly followed its procedures for handling claims of bias on appeal.

Moise failed to allege any specific instances of the ALJ's bias in her case, and the ALJ made a well-reasoned decision supported by substantial evidence that Franklin's disability ceased as of June 1, 2005. That decision does not reflect any bias.

**AFFIRMED.**