[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2011
JOHN LEY
CLERK

No. 10-14359
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cv-01882-CCH

EMMA GRAY,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(May 11, 2011)

Before WILSON and PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Emma Jean Gray appeals the district court's order affirming the

Commissioner of Social Security's July 2008 denial of her application for

disability insurance benefits and supplemental security income. Specifically, Gray disputes the ALJ's determination that her alleged physical and mental impairments were not sufficiently "severe" to entitle her to disability benefits. After careful review of the record and the parties' briefs, we affirm.

I.

Gray first argues that the ALJ applied a more stringent standard than the law allows when determining whether her impairments were "severe" at Step Two of the disability-benefits analysis.[1] She argues that the ALJ misapplied the "significantly limits" language of the regulations, *see* 20 C.F.R. § 404.1520, by requiring a higher showing of severity than that set forth by the case law.

In reviewing the denial of disability benefits, we do not presume that the ALJ "followed the appropriate legal standards . . . or that the legal conclusions reached were valid." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per

---

[1] The Social Security Administration applies the following five-step sequential analysis to determine whether an applicant is entitled to disability benefits. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4). If not, at the second step, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." *Id.* If there is no severe impairment, the claimant is not deemed to be disabled, and the claim is denied. *Id.* At the third step, the ALJ must decide whether the claimant's severe impairment meets or medically equals a listed impairment. *Id.* If so, the fourth step requires the ALJ to assess the claimant's "residual functional capacity" and whether she can perform her "past relevant work." *Id.* If she cannot perform her past relevant work, then the ALJ moves to the fifth step, considering whether, in light of the claimant's disability, she can perform other work. *Id.* Gray's appeal concerns only the second step—whether her impairment was sufficiently "severe."

curiam). Instead, we conduct "an exacting examination of these factors." *Id.* (internal quotations omitted). An ALJ's "failure to apply the correct legal standards . . . [would] mandate[] reversal." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).

To be entitled to disability payments under the Social Security Act, a claimant must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam). A person is "disabled" if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must determine whether an impairment is severe, that is, "whether it significantly limits [a] claimant's physical or mental ability to do basic work activities." *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(c)).[2] Although the claimant bears the burden of showing severity, the burden is mild, such that she need only show that her impairment is "not so slight and its effect is not so minimal" as to be trivial. *McDaniel v. Bowen*,

---

[2] Under the regulations, "basic work activities" include physical functions, such as walking, lifting, pushing, or reaching, and also include mental functions, such as understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b)(1–6).

3

800 F.2d 1026, 1031 (11th Cir. 1986). In other words, an impairment is not severe "if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984) (per curiam).

We conclude that the ALJ did not apply an incorrect legal standard with regard to Step Two. The ALJ simply used the language of the regulations in stating that Gray's impairments did not "significantly limit" her ability to perform basic work activities. *See* 20 C.F.R § 404.1520(c) (stating that, if the applicant does not have an impairment that "significantly limits [her] physical or mental ability to do basic work activities," no severe impairment will be found); § 404.1521(a) ("An impairment . . . is not severe if it does not significantly limit [an applicant's] physical or mental ability to do basic work activities."). The ALJ found that even though Gray had medically determinable impairments, none had significantly limited or were expected to significantly limit her ability to perform basic work-related activities. *See McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (noting that "the 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality").

4

Although a finding that a claimant's impairments are not "severe" is unusual, the ALJ's opinion is thorough and addresses the medical evidence in the record. We have no reason to conclude that the ALJ misapplied the legal standard for determining "severity."

## II.

Gray's second principal argument is that substantial evidence in the record does not support the ALJ's findings with regard to her hypertension, anxiety, and depression. As to hypertension, Gray contends that the ALJ erred by giving insufficient weight to certain physician statements. Furthermore, Gray argues that medical reports in the record prove that her anxiety and depression were more than merely slight abnormalities.

Where the ALJ applied the correct legal standard, we review whether the decision was supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotations marks omitted). If substantial evidence supports the ALJ's decision, this Court must affirm "[e]ven if the evidence preponderates against the [ALJ]'s findings." *Id.* at 1158–59 (internal quotation marks omitted).

Substantial evidence supports the ALJ's findings that Gray's hypertension, anxiety, and depression were not severe impairments. First, the ALJ properly gave little weight to the opinion of Jerry L. Thomas, M.D.—Dr. Thomas did not treat or examine Gray, and though his report mentions her hypertension, it does not suggest that her hypertension was serious enough to impair her ability to work. Nothing else in the record, including documents from Grady Hospital, indicate that Gray's hypertension caused any significant, long-term limitations in her functioning. Second, although Gray's medical evidence reflects a history of anxiety and depression, the record considered as a whole does not reveal long-term functional limitations stemming from those impairments. The ALJ did not err by giving weight to such evidence as the report of Brenard Francis, Ph.D., a psychologist who found after a comprehensive, nearly three-hour evaluation that Gray had a "high probability" of malingering.

Thus, substantial evidence supports the ALJ's conclusion that Gray's impairments had only a slight effect on her ability to perform basic work activities.

**AFFIRMED.**