[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 12, 2011
JOHN LEY
CLERK

_____

No. 11-12469
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-00347-EAJ

MARILYNN LEE,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 12, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Marilynn Lee appeals the district court's order affirming the Social Security Administration's ("SSA") denial of her application for disability insurance benefits ("DIB"), 42 U.S.C. § 405(g). She argues that the administrative law judge ("ALJ") erred by posing an incomplete hypothetical to the vocational expert concerning the jobs available to her, and that the denial of DIB was not based on substantial evidence. Specifically, she contends that the ALJ failed to adequately incorporate her inability to hold on to items once she gripped them, as opposed to her ability to grip them in the first place. The ALJ should have clarified which limitation applied and to what degree it applied in its hypothetical to the vocational expert, and the failure to do so resulted in an incomplete hypothetical.

In a social security case, we review the SSA's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). We do not reweigh the evidence or substitute our own judgment for that of the agency. *Id.* "If the [agency]'s decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Id.*

2

The Social Security Regulations outline a five-step, "sequential" evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on a Residual Functioning Capacity ("RFC") assessment, the claimant can perform any of her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform, given the claimant's RFC, age, education, and work experience. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v).

Here, the only issue in this appeal is the ALJ's resolution of step five. At step five, the SSA bears the burden to show that a significant number of jobs exist in the national economy, which the claimant can perform. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239–40. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's

impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir.2002). The ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported, however. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Lee argues that the ALJ's hypothetical to the vocational expert failed to adequately account for her inability to hold on to items once she gripped them and therefore did not comprehensively describe her impairments. The ALJ found that although Lee suffered serious burns as a result of a fire in 2003, she had been treated since then, and that she had unlimited bilateral grip and motor movements. Evidence in the record supporting this included: (1) a November 2005 examination showing full range of motion in her elbow, wrist, and all fingers in both arms; (2) a December 2005 examination finding no range of motion problems; and (3) an April 2007 report noting that, although she complained of sharp pain in both arms, she was spontaneous with her arm movements during conversation, which did not seem restricted. The ALJ is not required to include findings in a hypothetical to a vocational expert that the ALJ has found to be unsupported. *Crawford*, 363 F.3d at 1161. Therefore, the ALJ committed no error by omitting an explanation of Lee's grip limitations, which the ALJ found to be unlimited. *See id.*

**AFFIRMED.**