[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15115
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-00445-PRL

KARYN N. RICHARDSON,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 29, 2013)

Before BARKETT, HULL and JORDAN, Circuit Judges.

PER CURIAM:

Karyn N. Richardson, a 44-year old female, filed her initial claim for

disability benefits, alleging an onset date, as amended, of January 1, 2007.  She

received initial written denials of disability from the Social Security Administration and ultimately requested a hearing before an Administrative Law Judge ("ALJ").

Richardson submitted evidence establishing a medical history of consistent neck and back pain, resulting in three neck surgeries between 2002 and 2008. In September 2008, one of her treating physicians, Dr. Flynn, completed a Physical Residual Functional Capacity Form imposing severe limitations and finding her disabled for 18 to 24 months. Even so, in December 2008, Dr. Flynn's treatment notes indicated that Richardson was "doing well postoperatively" and that she was "OK to resume activity ad-lib." Similarly, Richardson's own submissions and testimony established that she was engaged in a substantial amount of activity during the times in question, including walking, bathing, and grooming her dog, driving, preparing multi-course dinners, performing household chores, and shopping an average of three hours per day. Records also indicated that she previously had a job involving lifting no more than 10 pounds and only an hour of standing and walking per day.

The ALJ determined that Richardson suffered from severe impediments but that she could perform sedentary work and that her past relevant work qualified as sedentary work she could perform. Accordingly, the ALJ found her not disabled. The Appeals Counsel denied her request for review.

2

In a social security case, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Under this standard, "[i]f the [agency]'s decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

As the ALJ correctly noted, the Social Security regulations establish a five-step, sequential process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1). Throughout the process, the burden is on the claimant to introduce evidence in support of her application for benefits. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

Moving to step four, the ALJ must determine, as in this case, whether the claimant has the Residual Functional Capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv), (e)-(f). "[RFC] is an assessment . . . of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are

sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. 404.1567(a).

Also, the testimony of a treating physician must be given considerable weight unless "good cause" is shown to the contrary. *Lewis*, 125 F.3d at 1440. Good cause exists when a medical opinion is not bolstered by the evidence, where the evidence supports a contrary finding, or where the doctor's opinions were conclusory or inconsistent with their own medical records. *Id.*

Here, the ALJ concluded that Richardson retained the physical RFC to perform sedentary work. In doing so, he assigned little weight to the assessments provided by Dr. Flynn because they were not supported by reliable medical evidence. The ALJ's finding is supported by substantial evidence. Dr. Flynn found that Richardson was recovering well post-operatively in his treatment notes, other treating sources had reached similar conclusions, government doctors assigned considerably less restrictive limitations, and Dr. Flynn did not provide supporting rationales for his assessments. Richardson's self-reports and testimony also indicated that she was engaging in activities inconsistent with the assessments completed by Dr. Flynn. Accordingly, the ALJ had good cause for discounting Dr. Flynn's assessments and his ultimate finding that Richardson could perform sedentary work was supported by substantial evidence.

4

Next, Richardson submitted a substantial amount of evidence as to her past work experiences and their requirements. The evidence showed that some of her past work experiences, as actually performed, were consistent with sedentary work. For example, one job involved lifting no more than 10 pounds and walking and standing for only one hour each day. Accordingly, the ALJ provided reasoning for his decision, there was an evidentiary basis for determining the requirements of her past relevant work, and the decision that Richardson could perform her past relevant work is supported by substantial evidence.

**AFFIRMED.**