[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12447
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00889-SGC

SILVIA CONTRERAS-ZAMBRANO,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 30, 2018)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Silvia Contreras-Zambrano appeals the district court's order affirming the administrative law judge's (ALJ) denial of disability insurance benefits, pursuant to 42 U.S.C. § 405(g).  On appeal, she argues that substantial evidence did not support the ALJ's decision to give the opinion of treating physician Dr. Francesca Cerimele minimal weight.  She further argues that the ALJ is biased against disability claimants and has a pattern of substituting his opinion for the opinions of treating physicians.  Her final argument on appeal is that the ALJ failed to comply with Social Security Ruling 16-3p (SSR 16-3p), which was enacted after the ALJ's decision, because the ALJ evaluated her credibility rather than the intensity and persistence of her symptoms.

I.

In social security appeals, we review the decision of an ALJ as the Social Security Administration Commissioner's (Commissioner) final decision when the ALJ denies benefits and the Appeals Council denies review of the ALJ's decision. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  We review de novo the legal principles upon which the ALJ's decision is based, but the ALJ's factual findings are conclusive if supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*,

2

363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam) (internal quotation marks

omitted).  We will not decide facts anew, reweigh the evidence, or substitute our

judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210

(11th Cir. 2005) (per curiam).

II.

First, the ALJ's decision to give Dr. Cerimele's opinion minimal weight was

supported by substantive evidence.  Contreras-Zambrano argues that the ALJ

substituted his opinion for the opinion of Dr. Cerimele instead of giving her

opinion the sufficient weight she deserves as a treating physician, without the ALJ

establishing good cause to devalue it.

Contreras-Zambrano is correct that the opinion of a treating physician must

be given substantial or considerable weight unless good cause is shown to the

contrary, *see Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir.

2011), but her argument fails because the ALJ did have good cause to devalue Dr.

Cerimele's opinion.  The ALJ first properly stated what weight he gave to Dr.

Cerimele's opinion, as our precedent requires, and second he also followed our

precedent by explaining the reasons for that choice.  *Id.*; *Moore v. Barnhart*, 405

F.3d 1208, 1212 (11th Cir. 2005) (per curiam).  The ALJ stated that he gave Dr.

Cerimele's opinion minimal weight because the medical evidence in the record did

not support it by a preponderance of the evidence and because Dr. Cerimele's own

3

treating record contradicted her opinion. Lack of support in the record for a treating physician's opinion is good cause to give it minimal weight. *Winschel*, 631 F.3d at 1179.

Further, the ALJ's determination was supported by substantial evidence. Dr. Cerimele's opinion was that Contreras-Zambrano had chronic back pain, degenerative disc disease, and arthritis that severely limited her, but Contreras-Zambrano's gait and range of motion were normal in every medical record. An MRI in March 2012 showed that Contreras-Zambrano's spine was normal, and in April 2012, she told Dr. Terry Andrade that her back pain was severe, but was not recurrent, did not interfere with all of her daily activities, and had only been treated with Advil and Tylenol. Then, when Contreras-Zambrano began physical therapy, her back pain regularly reduced to a four or five out of ten and remained lower than it had been previously.

Therefore, there is no reversible error arising from the ALJ's decision to give Dr. Cerimele's opinion minimal weight.[1]

### III.

Second, Contreras-Zambrano failed to establish that the ALJ is biased against disability claimants or that the ALJ has a pattern of substituting his opinion for the opinions of treating physicians. Contreras-Zambrano contends that the ALJ

---

[1] To the extent that Dr. Cerimele opined that Contreras-Zambrano could not work, that was not a medical opinion and was not entitled to any special significance. 20 C.F.R. § 416.927(d).

was biased in her case because of how he treated Dr. Cerimele's opinion, that a judge in the Northern District of Alabama has reversed the ALJ at least 21 times, and that the ALJ approved only 27% of disability cases between September 2014 and September 2015, compared to a 50% approval rate by other ALJs in Alabama.

There is a presumption that judicial and quasi-judicial officers such as ALJs are not biased, *see Schweiker v. McClure*, 458 U.S. 188, 195, 102 S. Ct. 1665, 1670 (1982), and Contreras-Zambrano's contentions do not rebut the presumption. The presumption can be rebutted through a showing of conflict of interest or some other specific reason for disqualification, but general assumptions are insufficient. *Id.* at 195–96, 102 S. Ct. at 1670. We have already explained that the ALJ did not err in his decision to give Dr. Cerimele's opinion minimal weight. Therefore, that decision cannot serve as evidence of bias. Further, an ALJ's number of reversals in district court and the percentage of disability cases the ALJ approves are general assumptions that cannot survive the presumption of non-bias. Finally, we are not concerned with the ALJ's past low approval rate compared to other ALJs because *in this case* the ALJ satisfied his duties at Contreras-Zambrano's hearing to "develop a full and fair record" and to "carefully weigh the evidence, giving individualized consideration to each claim." *Miles v. Chater*, 84 F.3d 1397, 1401 (11th Cir. 1996) (per curiam). Contreras-Zambrano has not shown otherwise.

Thus, Contreras-Zambrano's claim that she did not receive a full and fair hearing because of bias and the ALJ's alleged pattern of neglecting the opinions of treating physicians fails.

IV.

Finally, the ALJ did not err by failing to apply SSR 16-3p.  Contreras-Zambrano argues that, although SSR 16-3p became effective after the ALJ's decision, regulations must be applied retroactively unless manifest injustice would result.

The Supreme Court has determined that a court must "apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is a statutory direction or legislative history to the contrary."  *Bradley v. Sch. Bd. of Richmond*, 416 U.S. 696, 711, 94 S. Ct. 2006, 2016 (1974).  The Supreme Court has also stated that "[r]etroactivity is not favored in the law . . . and administrative rules will not be construed to have retroactive effect unless their language requires this result."  *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208, 109 S. Ct. 468, 471 (1988).  The Supreme Court subsequently acknowledged that "there is no tension between the *holdings* in *Bradley* and *Bowen*," and concluded that *Bradley* "did not alter the well-settled presumption against application of the class of new statutes that would have genuinely 'retroactive' effect."  *Landgraf v. USI Film Prods.*, 511 U.S. 244, 264, 277, 114 S. Ct. 1483,

1496, 1503 (1994). We in turn have declined to apply a regulation retroactively where it expressly provided an effective date, concluding that there was no reason to specify an effective date if the provision was to be applied retroactively. *Sierra Club v. Tenn. Valley Auth.*, 430 F.3d 1337, 1351 (11th Cir. 2005).

SSR 16-3p rescinded a previous social security ruling that concerned the credibility of a claimant. SSR 16-3p, 82 Fed. Reg. 49,462, 49,463 (Oct. 25, 2017). SSR 16-3p removed the use of the term "credibility" from its sub-regulatory policy because the Social Security Administration's (SSA) regulations did not use the term. *Id*. SSR 16-3p clarified that "subjective symptom evaluation is not an examination of an individual's character" and that a two-step evaluation process must be used. *Id.* Step one is to determine whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. *Id.* at 49,463–64. Step two is to evaluate the intensity and persistence of an individual's symptoms, such as pain, and determine the extent to which an individual's symptoms limit her ability to perform work-related activities. *Id.* at 49,464–66. The Commission stated:

> Consistent with our regulations, we instruct our adjudicators to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms. We evaluate the intensity and persistence of an individual's symptoms so we can determine how symptoms limit ability to perform work-related activities for an adult . . . with a title XVI disability claim.

7

*Id*. at 49,463.  In October 2017, the SSA republished SSR 16-3p, clarifying that it was applicable beginning on March 28, 2016.  *Id.* at 49,462, 49,468.  The republished version noted that the SSA's adjudicators would apply SSR 16-3p to all determinations made on or after March 28, 2016, and that the SSA expected federal courts to use the version of the rule that was in effect at the time the SSA issued the decision under review.  *Id.* at 49,468 n.27.  The republished version further noted that the regulations regarding the evaluation of symptoms were unchanged.  *Id.*

Relying on *Bowen* and *Sierra Club*, we have determined that SSR 16-3p does not apply retroactively because it has no language suggesting, much less requiring, retroactive application.  *Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1290 (11th Cir. 2017) (per curiam).  Moreover, the SSA made clear when it republished SSR 16-3p that it would not apply the rule retroactively and did not expect courts to apply the rule retroactively.  SSR 16-3p, 82 Fed. Reg. at 49,462 n.27.

Accordingly, the ALJ did not err by failing to apply SSR 16-3p because it was issued after his decision, and, under our precedent, does not apply retroactively.

V.

8

For the foregoing reasons, we affirm the district court's denial of disability benefits.

**AFFIRMED.**