[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10654
_____

D.C. Docket No. 2:17-cv-00087-MRM


TAMMIE CHRISTMAS,

Plaintiff - Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 1, 2019)

Before MARCUS, JULIE CARNES, and KELLY,* Circuit Judges.

PER CURIAM:

Tammie Christmas appeals the district court's decision[1] to affirm the denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) by the Commissioner of Social Security (the Commissioner). Christmas v. Comm'r of Soc. Sec., No: 2:17–cv–87–FtM–MRM, 2018 WL 564548 (M.D. Fla. Jan. 26, 2018). Our jurisdiction arises under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

## Background

Ms. Christmas applied for DIB and SSI in October 2011. She suffers from diabetes mellitus, diabetic neuropathy, alopecia, obesity, anxiety, and depression. Aplt. Br. at 3. Her application was denied as an initial matter and denied again upon motion for reconsideration. After a hearing by an ALJ, her application was again denied on the grounds that she was not disabled within the meaning of the Social Security Act. She appealed to the Appeals Council, which remanded the claim to the same ALJ for a new hearing.

---

* The Honorable Paul J. Kelly, Jr., United States Court of Appeals for the Tenth Circuit, sitting by designation.

[1] A magistrate judge adjudicated the case by consent.

2

The ALJ held the new hearing on September 8, 2015 and again denied her application. Ms. Christmas again appealed to the Appeals Council, but was denied review. The district court affirmed and this appeal followed. On appeal, Ms. Christmas argues that substantial evidence and the applicable regulations do not support the ALJ's finding that she can perform a range of light work, the ALJ's credibility assessment, the vocational expert's testimony, or the ALJ's denial of Ms. Christmas's application.

## Standard of Review

The ALJ's decision is reviewed as the Commissioner's final decision when the ALJ denies benefits and the Appeals Council denies review. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001). We engage in a "limited review" of the ALJ's decision; we assess only whether it was supported by substantial evidence and whether the correct legal standard was applied. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Substantial evidence is less than a preponderance; it is evidence sufficient for a reasonable person to accept as adequate to support a conclusion. Id.; Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158–59 (11th Cir. 2004). We do not decide the facts anew, make credibility determinations, or re-weigh the evidence that the ALJ reviewed. Moore, 405 F.3d at 1211. Neither may we disturb a clearly-articulated credibility finding supported by substantial evidence. Mitchell v. Comm'r Soc. Sec. Admin, 771 F.3d 780, 782 (11th Cir.

3

2014).  Our standard of review is the same as the district court's, so we owe no deference to its decision.  See Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).

## Discussion

Substantial evidence supports the ALJ's finding that Ms. Christmas can perform a limited type of light work available in significant numbers in the national economy and his assessment that her subjective complaints were not credible.  Further, there were no apparent conflicts, see Washington v. Comm'r of Soc. Sec., 906 F.3d 1353 (11th Cir. 2018) (interpreting Social Security Ruling 00-4p), between the testimony of the vocational expert (VE) and the Dictionary of Occupational Titles (DOT).

Substantial evidence supported the ALJ's finding that Ms. Christmas can perform a limited range of light work.  The ALJ's decision discussed in detail the reports of doctors who treated Ms. Christmas for her medical conditions, as well as reports from hospitals to which Ms. Christmas was admitted.  1 R. 50–61.  He assessed the content of these reports and compared them to Ms. Christmas's testimony and the testimony of a vocational expert.  Id.

At the September 8, 2015 hearing, the ALJ weighed evidence of the specific physical and mental traits that Ms. Christmas alleged limited her ability to work to

4

find that she could perform a limited range of light work.  See id. at 13–39.  The ALJ specifically asked the VE about the type of work that a hypothetical person with Ms. Christmas's exact physical and mental constraints could perform, including the limited use of her dominant extremity.  Id. at 27–29.  The VE confirmed that a significant number of jobs are available in the national economy that are within the range of light work that such a person could perform.  Id. at 28–33.  This evidence supporting the ALJ's decision is substantial and so we do not disturb the decision.

The ALJ assessed Ms. Christmas's credibility as a witness, articulated his reasons for finding it wanting, and did not engage in a "sit and squirm" analysis.  In giving limited weight to Ms. Christmas's testimony, the ALJ noted several instances in which it conflicted with the reports of her doctors or with her previous testimony.  See id. at 51, 58–59.  The ALJ also compared her statements with the reports of her doctors, specifically noting that they did not corroborate Ms. Christmas's statements regarding the "intensity, persistence and limiting effects of these symptoms."  Id. at 51.  We are unpersuaded that the framing of questions eliciting her testimony or caveats Ms. Christmas included render her statements consistent.  Although the ALJ noted Ms. Christmas's demeanor at the hearing, his credibility determination was clearly supported by evidence in the record, like her spoken testimony and the conflicts with the reports of her doctors.  Id. at 60.

5

Under our standard of review, we cannot disturb a clearly-articulated credibility finding supported by substantial evidence. See Mitchell, 771 F.3d at 782.

At the hearing on September 8, 2015, there were no apparent conflicts between the VE's testimony and the DOT. In Washington, we held that an ALJ must identify and resolve any "apparent conflict," i.e., a discrepancy that arises by a reasonable comparison of the DOT's description of an occupation and the VE's testimony. Washington, 906 F.3d at 1362, 1365. Here, the VE acknowledged Ms. Christmas's limitations and testified that despite those limitations, she could perform a fruit distributor job. Ms. Christmas argues this gave rise to two apparent conflicts with the DOT. Both Ms. Christmas's arguments fail.

First, Ms. Christmas notes that the VE acknowledged she could not frequently communicate with others and argues this conflicts with the DOT, which describes the job as requiring such communication. Aplt. Br. at 28. However, the DOT does not discuss communication requirements for this role. See Fruit Distributor, Dictionary of Occupational Titles § 921.685-046, 1991 WL 688088. Therefore, this testimony did not present an apparent conflict that the ALJ had to resolve.

Second, Ms. Christmas notes that the VE acknowledged she cannot work in fast-paced assembly line jobs and argues this conflicts with the DOT description,

6

which suggests that a fruit distributor is a fast-paced assembly line job.  Aplt. Br. at 28–29.  However, the DOT does not discuss the pace of a fruit distributor job or the quantity of fruit that a distributor must or should handle.  See Fruit Distributor, Dictionary of Occupational Titles § 921.685-046, 1991 WL 688088.  Washington does not require the ALJ to draw inferences about job requirements that are unsupported by the DOT's text and then resolve conflicts between the VE's testimony and those unsupported inferences.  See Washington, 906 F.3d at 1358 (describing the "sharp contrast" between the VE's testimony and text of the DOT description).  Here, there was no apparent conflict for the ALJ to resolve.

AFFIRMED.