[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 10, 2012
JOHN LEY
CLERK

No. 11-10736
Non-Argument Calendar

_____

D.C. Docket No. 6:09-cv-01655-GJK


LAURI J. FORRESTER,

Plaintiff-Appellant,


versus


COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 10, 2012)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Lauri Forrester appeals, with the assistance of counsel, the district court's

order affirming the Social Security Administration's ("agency's") denial of her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"), 42 U.S.C. §§ 405(g) and 1383(c)(3). First, she argues that the administrative law judge ("ALJ") erred by failing to adequately explain the weight given to various medical opinions; not clearly articulating the reasons for giving less weight to the opinion of a treating physician; and crediting the opinions of non-treating sources over a treating one, without substantial evidence. Additionally, she also argues that the ALJ erred by omitting express reference to her moderate difficulties in concentration, persistence, or pace, in the hypothetical to the vocational expert ("VE"), such that the ALJ's reliance on the VE's testimony, to conclude that jobs existed in the national economy which she could perform, was not based on substantial evidence.

## I.

In a social security case, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). We do not reweigh the evidence or substitute our own judgment for that of the agency. *Id.* "If the [agency]'s decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Id.*

The Social Security Regulations outline a five-step, "sequential" evaluation process used to determine whether a claimant is disabled. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004) (describing five-step process); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. 20 C.F.R. § 416.920(a)(4).

Here, the ALJ found that Forrester was not engaged in substantial gainful activity and had severe impairments, but that the impairments did not meet or equal a listed impairment. When that happens, the ALJ must then determine, at step four, whether the claimant has the residual functioning capacity ("RFC") to perform her past relevant work. 20 C.F.R. §§ 416.920(e) and (f). Where, as here, the ALJ answers this in the negative, it proceeds to consider, at step five, whether the claimant's RFC allows her to perform work that exists in the national economy. 20 C.F.R. § 416.920(g).

RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). When determining a claimant's RFC, the ALJ must give the opinion of a treating physician "substantial or considerable weight unless good cause is shown to the contrary." *Phillips*, 357 F.3d at 1240 (quotation omitted). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or

3

inconsistent with the doctor's own medical records." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178–79 (11th Cir. 2011) (citation and quotation omitted). We have held that an ALJ does not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradict the opinion. *See Phillips*, 357 F.3d at 1241. The opinions of non-examining, non-reviewing physicians, are entitled to little weight when contrary to those of an examining physician, and, taken alone, they do not constitute substantial evidence. *See Spencer ex rel. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). However, the ALJ may reject any medical opinion, if the evidence supports a contrary finding. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir.1985).

The ALJ must state with particularity the weight given to different medical opinions and the reasons for doing so. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987). However, we have found no reversible error when the ALJ articulated specific reasons for declining to give the treating physician's opinion controlling weight, and the reasons were supported by substantial evidence. *Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005).

The ALJ did not err in any of the four respects Forrester has preserved for review. First, the ALJ properly explained the weight given to different medical opinions. The ALJ noted that Dr. Goss's opinions could "not be given controlling weight," and that the consultative and non-examining physicians' opinions were "given significant weight." *See Sharfarz*, 825 F.2d at 279. Second, the ALJ clearly articulated reasons for not giving Goss's opinion controlling weight when

4

it stated that Goss's opinion was not supported by the medical record, and the record demonstrated that Forrester did not have residual cardiac, vascular, or pulmonary problems that would result in the degree of limitation Goss indicated. *See Moore*, 405 F.3d at 1212. The ALJ clearly articulated its reasons for giving significant weight to the consultative and non-examining physicians' opinions, when it stated that their opinions were more consistent with the medical evidence.[1]

Third, the ALJ did not err by crediting the opinions of non-treating sources over those of the treating physician, Dr. Goss. The ALJ must give the treating physician's opinion "substantial or considerable weight *unless good cause is shown to the contrary*," which happened here. *See Phillips*, 357 F.3d at 1240 (quotation omitted) (emphasis added). The ALJ determined that Goss's opinion was not bolstered by the evidence and the evidence supported a contrary finding. *See Winschel*, 631 F.3d at 1178–79. As noted above, the ALJ determined that, consistent with the record, Forrester did not have residual cardiac, vascular, or pulmonary problems that would result in the degree of work limitations which Dr. Goss indicated. Furthermore, the ALJ did not need to give a treating physician's opinion considerable weight if evidence of the claimant's daily activities contradicted the opinion, which occurred here, based on Forrester's testimony and

---

[1] With regard to the RFC assessment, Forrester mentions substantial evidence only once in her initial counseled brief, arguing that the ALJ's reliance on non-treating state consultants taken alone did not constitute substantial evidence, though she raises a general substantial evidence argument in her reply brief. Consequently, Forrester abandoned a general review of the RFC assessment for substantial evidence. *See United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (issues must be unambiguously demarcated); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (passing reference insufficient); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 972-73 (11th Cir. 2008) (raising an argument in a reply brief is insufficient).

her ability to perform various tasks at her March 2007 consultative examination. *See Phillips*, 357 F.3d at 1241. Therefore, the ALJ had "good cause" to not give Dr. Goss's opinion considerable weight and did not err.

Finally, the ALJ did not err by relying on the opinions of the non-treating physicians, taken alone, in a way that left its decision unsupported by substantial evidence. The evidence supported a contrary conclusion to Dr. Goss's opinion, and the ALJ was not prohibited from reaching that conclusion simply because non-treating physicians also reached it. *See Sryock*, 764 F.2d at 835.

Therefore, the ALJ properly explained the weight it gave to various medical opinions, clearly articulated its reasons, and did not err by crediting the opinions of non-treating sources over a treating one. Accordingly, we affirm in these respects.

## II.

As noted above, if the claimant cannot perform her past relevant work, the ALJ must then determine, at step five of the sequential process, whether her RFC allows her to perform other work that exists in the national economy. 20 C.F.R. § 416.920(g). At step five, the Commissioner bears the burden to show that a significant number of jobs exist in the national economy, which the claimant can perform. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a vocational expert. *Phillips*, 357 F.3d at 1239–40. "In order for a vocational expert's

testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). The ALJ is not required to include findings in the hypothetical that the ALJ has found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

An ALJ does not generally account for a claimant's limitations in concentration, persistence, or pace by restricting the hypothetical question to simple, routine tasks or unskilled work. *See Winschel*, 631 F.3d at 1180-81. However, "when *medical evidence* demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, or pace, . . . limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations," if the ALJ indicates that the medical evidence suggests that the ability to work is unaffected. *See id.* (emphasis added). Additionally, hypothetical questions adequately account for a claimant's limitations in concentration, persistence, or pace when the questions otherwise implicitly account for them. *See id.* at 1180.

Here, the ALJ's hypothetical to the VE properly comprised, expressly or by implication, all of Forrester's impairments, and the VE's answer constituted substantial evidence that Forrester could perform work in the national economy. Because the ALJ: (1) indicated that the medical evidence suggested Forrester's ability to work was unaffected by her moderate limitations in concentration, persistence, or pace; and (2) limited the VE's hypothetical to simple, routine, and

7

unskilled work, the ALJ's hypothetical to the VE comprised all of Forrester's relevant limitations. Consequently, the VE's answer, providing examples of various jobs she could perform, given her limitations, constituted substantial evidence for the ALJ's determination that Forrester could perform jobs that existed in the national economy. The ALJ was not required to include limitations in the hypothetical that it found unsupported by credible evidence, such as Goss's determination that Forrester had memory issues that would interfere with completing tasks, or Forrester's testimony that her limitations in concentration were severe.

Accordingly, we affirm.

**AFFIRMED.**[2]

---

[2]     Forrester's request for oral argument is denied.