[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2012
JOHN LEY
CLERK

No. 11-13042
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-01920-CLS

PATRICIA ANN MILES,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION, COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 15, 2012)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Patricia Ann Miles appeals, pro se, the district court's order affirming the Social Security Administration's ("SSA") denial of her application for widow's insurance benefits under 42 U.S.C. § 402(e). Miles argues that the Administrative Law Judge's ("ALJ") determination regarding her March 1998 residual functioning capacity ("RFC") was not supported by substantial evidence.[1] More specifically, she contends that the ALJ erred by: (1) not considering the record evidence reflecting three doctors' opinions that she was unable to work due to severe damage to her back; (2) discounting the opinion of her chiropractor that she was completely disabled; and (3) finding that her testimony was not fully credible.

Our review in this case is limited to the materials contained in the certified administrative record.[2] We review the SSA's legal conclusions de novo, and its factual findings to determine whether they are supported by substantial evidence. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007); see, e.g.,

---

[1] An RFC finding is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [her] impairments." Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

[2] Miles has submitted in this appeal some new evidence, as well as evidence that she only raised for the first time at the district court. We decline to consider this evidence because we do not consider new evidence presented for the first time in an initial brief to this Court, Wilson v. Apfel, 179 F.3d 1276, 1278–79 (11th Cir. 1999), and because Miles has offered no argument for why the evidence first presented to the district court fits the narrow set of circumstances that would permit our review. See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (noting that "issues not briefed on appeal by a pro se litigant are deemed abandoned"); see also Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1267–68 (11th Cir. 2007) (stating 42 U.S.C. § 405(g) requirements for judicial review of evidence not previously presented to SSA).

Moore v Barnhart, 405 F.3d 1208, 1212–13 (11th Cir. 2005) (reviewing RFC finding for substantial evidence). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996) (quotation marks omitted). "If the [SSA's] decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Id.

Under the Social Security Act, the widow of a fully-insured individual is entitled to benefits if she establishes that she is at least 50, but less than 60 years of age, and is disabled. See 20 C.F.R. § 404.335(c). Thus, to collect widow's Social Security benefits, Miles had to prove that she was disabled, as defined under 20 C.F.R. § 404.1505. The ALJ found, and the parties did not contest, that the prescribed period within which Miles had to demonstrate her disability ran from March 1, 1991 to March 31, 1998. See 42 U.S.C. § 402(e)(1); 20 C.F.R. § 404.336(c) (detailing the eligibility period for widow's Social Security benefits).

The Social Security Regulations outline a five-step evaluation process used to determine whether a claimant is disabled. See Phillips v. Barnhart, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v). The evaluation considers each step in turn, asking: (1) whether the claimant is currently engaged in substantial gainful activity; (2)

whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on an RFC assessment, the claimant can perform any of her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform, given the claimant's RFC, age, education, and work experience. See Phillips, 357 F.3d at 1237–39.

The ALJ determined that Miles met the first two steps of the SSR's five-step process. At the third step, however, the ALJ found that Miles's impairments did not meet or equal a listed impairment. Proceeding to the fourth step, the ALJ also found that Miles retained the RFC to perform her past relevant work, despite her impairment, during the claim period (1991–1998). See 20 C.F.R. §§ 416.920(e), (f). Concluding that Miles had the requisite RFC, the ALJ had no need to proceed to the fifth and final step of the analysis. See id. § 416.920(a)(4)(iv).

Miles argues that substantial evidence does not support the ALJ's findings relating to her RFC during the prescribed period, and she asserts three specific errors that led to the ALJ's allegedly erroneous conclusion. First, Miles argues that the ALJ did not consider all the record's medical evidence, and that he did not accord proper weight to the statements of her treating physicians. Miles is correct

4

that the record contains evidence from a few doctors suggesting that, as early as 2001, she was disabled. But that evidence does not guarantee the success of her claim. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (clarifying that a treating physician's opinion that a claimant is "disabled" is not dispositive, as that ultimate conclusion is a regulatory determination left to the ALJ). Here the ALJ found "good cause" not to heed those medical opinions, determining that they were without any explanation or basis in clinical findings, and were contradicted by the other record evidence. See Phillips, 357 F.3d at 1240–41 (listing these as permissible bases for finding "good cause" to disregard the opinion of a treating physician). Instead, the ALJ relied on the more detailed medical opinions provided by three other examining physicians to find that, prior to April 1, 2003, Miles had the RFC to perform light work, except for repetitive lifting.

Second, Miles argues that the ALJ erred by discounting her chiropractor's opinion that she was completely disabled. However, an ALJ has no duty to give significant or controlling weight to a chiropractor's views because, for SSA purposes, a chiropractor is not a "medical source" who can offer medical opinions. See 20 C.F.R. §§ 404.1513, 416.913, 404.1527(a)(2); Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1160 (11th Cir. 2004). Further, as stated above, even a medical source's statement that a claimant is "unable to work" or "disabled" does

5

not bind the ALJ, who alone makes the ultimate determination as to disability under the regulations. See 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

Third, Miles disputes that the ALJ's determination as to her credibility was supported by substantial evidence, where the ALJ found that Miles's testimony regarding the intensity, persistence and limiting effects of her symptoms were "not entirely credible prior to April 1, 2003." The ALJ is permitted to reach a conclusion that differs from the subjective testimony of a claimant. See Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable . . . ."). In making this finding, the ALJ was required to articulate his reasons for discrediting the subjective testimony. See Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002); see also Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."). The ALJ did so here, concluding that, despite Miles's testimony to the contrary, the entirety of the record evidence showed that she possessed the ability to perform significant work activities.

The ALJ reviewed all the evidence before him, accorded more weight to some evidence than to other evidence, and explained his reasons for doing so. We therefore conclude that the ALJ's determinations are supported by substantial

6

evidence, and we will not disturb his decision.  See <u>Miles</u>, 84 F.3d at 1400.

**AFFIRMED.**