[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12216
Non-Argument Calendar
_____

D.C. Docket No. 8:11-cv-02813-JSM-MAP


LONNIE C. BARNUM,

                                                        Plaintiff-Appellant,


versus


COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

                                                        Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(February 10, 2014)

Before CARNES, Chief Judge, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Lonnie C. Barnum appeals the district court's order affirming the administrative law judge's denial of his application for disability insurance benefits under 42 U.S.C. §§ 405(g) and 1383(c).  Barnum contends that the ALJ erred because his hypothetical question to the vocational expert did not include all of the physical limitations ascribed to Barnum by one of his physicians.

I.

Barnum applied for disability insurance benefits and supplemental security income on the ground that he was suffering from back pain, chronic obstructive pulmonary disease, bipolar disorder, and depression.  A number of doctors examined Barnum.  One of them, Shaukat Chowdhari, M.D., concluded in March of 2007 that Barnum needed to avoid overexertion from prolonged standing, walking, or sitting.  In July 2007, after treating Barnum, Dr. Chowdhari added that he needed to shift at will among sitting, standing, and walking; to lie down at undetermined, unpredictable intervals; and to be absent from work one to three times per month.  Dr. Chowdhari also noted that Barnum could occasionally twist, stoop, crouch, and climb.

Robin Hughes, M.D., another examining physician, evaluated Barnum in April of 2007 and concluded that Barnum could occasionally lift 20 pounds and frequently lift less than 10; that he could sit, stand, and walk six hours in an eight-hour day; and that he could climb, balance, kneel, crouch, crawl, and stoop

occasionally.  At least two other physicians who examined Barnum found that he showed some tenderness and decreased range of motion in his lumbar spine but, along with Dr. Hughes, they concluded that he had a normal gait and full range of motion in all of his extremities.  All of the doctors, including Dr. Chowdhari, found that Barnum achieved good to excellent pain relief as a result of treatment.

The ALJ took each of those physicians' opinions into account when determining Barnum's residual functional capacity, an assessment of his ability to work in spite of his physical limitations.  The ALJ gave significant weight to Dr. Hughes' opinion, which the ALJ noted was consistent with his own findings and the other evidence in the record.  The ALJ gave moderate weight to Dr. Chowdhari's March 2007 opinion because Dr. Chowdhari had given that opinion after only one examination and had relied on Barnum's subjective complaints when doing so.  The ALJ gave considerable weight to Dr. Chowdhari's July 2007 opinion, on the other hand, explaining that it was consistent with "certain" aspects of the ALJ's own findings, like Barnum's ability to lift, climb, stoop, and crouch, as well as his inability to stand, walk, or sit for prolonged periods.  The ALJ found, however, that Dr. Chowdhari's opinion that Barnum needed to lie down for unpredictable intervals was not supported by the record as a whole.  The ALJ also did not adopt Dr. Chowdhari's assessment that Barnum needed to be absent from work one to three times per month.

The end result was that the ALJ found that Barnum retained the ability to perform light physical activities, as reflected in the following description of his residual functional capacity by the ALJ:

> He can lift 20 pounds occasionally, 10 pounds frequently. He can sit, stand and walk for a total of 6 hours (each) of an 8-hour day, and must have the option to alternate between sitting and standing every 30 minutes. He can occasionally climb ramps or stairs, balance, stoop, crouch, kneel, and crawl, but never climb ladders, ropes or scaffolds. He must avoid concentrated exposure to fumes and respiratory irritants. He cannot work at unprotected heights or with hazardous machinery. He would experience pain, but the pain would not interfere with the ability to perform activities . . . .

Tr. at 462–63. The ALJ then posed a hypothetical question to the vocational expert who testified in Barnum's hearing, asking what types of work someone with Barnum's residual functional capacity and other personal attributes could do. The vocational expert replied that such a person could perform jobs like small products assembler, poly packer, heat sealer, and merchandise marker. Drawing on that testimony and taking into account Barnum's age, education, past work history, and residual functional capacity, the ALJ found that Barnum could perform a variety of jobs currently available in the national economy. The ALJ concluded that Barnum was not disabled, and Barnum now appeals that decision.

## II.

In social security cases, we review de novo the ALJ's legal conclusions but review his factual findings to determine if they are supported by substantial

4

evidence. Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). We do not reweigh the evidence or substitute our own judgment for that of the ALJ. Id. "If the [ALJ's] decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." Id. While a treating physician's opinion is normally entitled to substantial weight, the ALJ can disregard that opinion if he has "good cause" for doing so. See Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when, among other things, the treating physician's opinion is "not bolstered by the evidence." Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (quotation marks omitted).

Barnum contends that the ALJ erred in failing to include in his hypothetical question to the vocational expert all of the physical limitations ascribed to Barnum by Dr. Chowdhari — in particular, Barnum's need to lie down at unpredictable intervals during the day and his need to be absent from work one to three times per month. While an ALJ's hypothetical question must take into account all of a claimant's impairments, Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002), the question need not include impairments that the ALJ has properly determined to

5

be unsupported by the evidence in the record, <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1161 (11th Cir. 2004).

Here the ALJ rejected Dr. Chowdhari's opinion that Barnum needed to lie down at unpredictable intervals and be absent from work because the ALJ found that that opinion was not supported by the record.  Substantial evidence supports the ALJ's finding.  First, three examining physicians, including Dr. Hughes, gave opinions that were inconsistent with Dr. Chowdhari's conclusion that Barnum needs to lie down at unpredictable intervals and be absent from work.  And on that issue the ALJ was entitled to give those opinions more weight than Dr. Chowdhari's opinion.  Second, all of the doctors who examined Barnum, including Dr. Chowdhari, concluded that he responded well, even extremely well, to treatment, allowing him to reduce if not eliminate the pain he experienced and perform some work activities.  Third, the findings from Barnum's medical exams showed on the whole that he had normal strength, coordination, reflexes, extremities, and gait.  All of that evidence supports the ALJ's finding that Barnum does not need to lie down at unpredictable intervals or be absent from work.  That evidence also gave the ALJ good cause to reject those parts of Dr. Chowdhari's opinion because they were, at the least, not bolstered by the record.  <u>See</u> <u>Phillips</u>, 357 F.3d at 1240; <u>Winschel</u>, 631 F.3d at 1179.

Because substantial evidence supported the ALJ's decision to reject Dr.
Chowdhari's determination that Barnum needs to lie down, miss work, or both, the
ALJ did not err in excluding those physical limitations from the hypothetical
question posed to the vocational expert.

**AFFIRMED.**