[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11231
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-00022-GKS-PRL

JUANDA K. ADAMS,

Plaintiff-Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 2, 2014)

Before WILLIAM PRYOR, MARTIN, and HILL, Circuit Judges.

PER CURIAM:

Juanda Adams, through counsel, appeals the district court's affirmance of the Administrative Law Judge's ("ALJ") denial of her claim for supplemental security income ("SSI") payments. In support, Adams argues that the ALJ's consideration of two of the physician opinions in the medical record was improper, and that the ALJ's determination that she was not disabled was not supported by substantial evidence.

In a social security case, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (quotations omitted). We do not reweigh the evidence or substitute our own judgment for that of the agency. *Id.* "If the [agency]'s decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Id.*

An individual claiming Social Security disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Social Security regulations establish a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 416.920(a)(1).

2

Throughout the process, the burden is on the claimant to introduce evidence in support of her application for benefits. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. 20 C.F.R. § 416.920(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id.* § 416.920(a)(4)(i), (b). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id.* § 416.920(a)(4)(ii), (c). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id.* § 416.920(a)(4)(iii), (d). Where, as here, the ALJ finds that the claimant's severe impairments do not meet or equal a listed impairment, the ALJ must then determine, at step four, whether she has the residual functional capacity ("RFC") to perform her past relevant work. *Id.* § 416.920(a)(4)(iv), (e)-(f). "[RFC] is an assessment . . . of a claimant's remaining ability to do work despite [her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Finally, if the claimant cannot perform her past relevant work, the ALJ must then determine, at step five, whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v), (g).

A treating physician's opinion must be given substantial or considerable weight unless "good cause" is shown to the contrary. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). The ALJ may reject the opinion of any physician if the evidence supports a contrary conclusion. *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985). In assessing medical evidence, an ALJ is required to state with particularity the weight he gave the different medical opinions and the reasons therefor. *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir. 1987). However, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision" enables the district court "to conclude that the ALJ considered [the claimant's] medical condition as a whole." *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (quotations and alterations omitted).

Additionally, the Commissioner, not a claimant's physician, is responsible for determining whether the claimant is statutorily disabled. 20 C.F.R. § 404.1527(d)(1). Specifically, "[a] statement by a medical source that [a claimant is] 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that [the claimant is] disabled." *Id.*

Upon review of the record and consideration of the parties' briefs, we affirm.

4

The ALJ's conclusion that Adams could perform light exertional work was supported by multiple opinions in the medical record, including the opinions of two examining physicians and two state agency physicians. Thus, the ALJ's determination that Adams was not disabled, but rather had the RFC to perform light exertional work, was supported by substantial evidence. *See Miles*, 84 F.3d at 1400.

Additionally, the ALJ did not err in weighing the opinions of Adams's neurologist and her consulting physician. The record demonstrates that the ALJ, as required, articulated with particularity the weight he gave to all of the physician assessments in the medical record. *See Sharfarz*, 825 F.2d at 279. The ALJ indicated that he placed "great weight" on Adams's neurologist's opinion to the extent that he concurred with the other physicians that Adams's physical impairments did not prevent her from performing light exertional work. Thus, substantial evidence supported the ALJ's consideration of the neurologist's opinion. *See Sryock*, 764 F.2d at 835. Moreover, the ALJ did not err by failing to specifically address Adams's neurologist's opinion that she should avoid frequent overhead reaching, and that she needed to take 5-minute breaks every 45 minutes, as his written decision made clear that he considered both the neurologist's opinion and Adams's medical condition as a whole. *See Dyer*, 395 F.3d at 1211.

Finally, the ALJ also did not commit any error in considering the opinion of Adams's consulting physician.  The ALJ's decision to give little weight to the physician's opinion that Adams "may not be able to do any kind of job" was supported by substantial evidence, given the other evidence in the medical record indicating that Adams could perform light exertional work.  Further, despite Adams's argument to the contrary, the ALJ did not reject or ignore the consulting physician's opinion that Adams may not be able to do any kind of job merely on the ground that it was on an issue reserved for the Commissioner.  *See* 20 C.F.R. § 404.1527(d)(1).

**AFFIRMED.**