[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13815
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cv-01441-JSS

RAY ZOSLOW,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 9, 2019)

Before TJOFLAT, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Ray Zoslow appeals the district court's order affirming the administrative law judge's ("ALJ") decision that he was not eligible to continue to receive disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 405(g), because he could perform jobs that existed in significant numbers in the national economy, and, thus, he was not "disabled" under the Social Security Act.  Zoslow argues that the ALJ violated Social Security Ruling 00-4p ("SSR 00-4p"), because it did not expressly resolve conflicts between two Vocational Experts' ("VE") testimony that he could work as both as sales attendant and an advertising materials distributor, and the U.S. Department of Labor's Dictionary of Occupational Titles ("DOT") descriptions of the duties required of those jobs.  He also argues that the ALJ erred by relying on the VEs' testimony that 236,000 assembler jobs existed in the national economy.

In a social security case, when appropriate, we review the agency's legal conclusions *de novo*, and its factual findings to determine whether they are supported by substantial evidence.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "The federal 'harmless-error' statute, now codified at 28 U.S.C. § 2111, tells [federal courts of appeal] to review cases for errors of law 'without regard to errors' that do not affect the parties' 'substantial rights.'"  *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (bracketed material added).  We have previously applied harmless-error doctrine in social security cases.  *See*

2

*Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983) (refusing to reverse on the grounds that the ALJ committed factual errors, because they were harmless, as they were irrelevant to the ALJ's ultimate legal determination).

Substantial evidence is defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). We do not reweigh the evidence or substitute our own judgment for that of the agency. *Id.* "If the Commissioner's decision is supported by substantial evidence we must affirm, even if the proof preponderates against it." *Id.* However, there is no presumption "that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." *Id.*

Social Security Agency regulations outline a five-step, "sequential" evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) whether, based on an RFC assessment, the claimant can perform any of his past relevant work despite the impairment; and, if not, (5) whether there are significant numbers of jobs in the national economy that the claimant can perform, given the claimant's RFC, age, education, and work

experience.  *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(1), (4)(i)-(v).  RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite [his] impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

At step five, the Commissioner bears the burden to show that a significant number of jobs exist in the national economy, which the claimant can perform. *Phillips*, 357 F.3d at 1239; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  SSA regulations provide that "[w]ork exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [the claimant] is able to meet with [his] physical or mental abilities and vocational qualifications."  *Washington*, 906 F.3d at 1359-60 (citing 20 C.F.R. § 416.966(b)).

In making its determination at step five, an ALJ may rely on (1) the Medical Vocational Guidelines; (2) testimony of a vocational expert ("VE"); or (3) data drawn from the DOT.  *Washington*, 906 F.3d at 1360; *Phillips*, 357 F.3d at 1239-40.  "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments."  *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002).  The ALJ is not required to include findings in the hypothetical that the ALJ has found

4

to be unsupported.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th

Cir. 2004).

SSR 00-4p explains, in pertinent part, that before relying on VE testimony,

ALJs must address any conflicts "between occupational evidence provided by VEs

. . . and information in the Dictionary of Occupational Titles ("DOT") . . . and

[e]xplain in the determination or decision how any conflict that has been identified

was resolved."  SSR 00-4p (2000).

In *Washington*, a panel of this Court concluded that, pursuant to SSR 00-4p

and the overall regulatory scheme governing disability claims:

> ALJs within the SSA have an affirmative duty to identify
> apparent conflicts between the testimony of a [VE] and the
> DOT and resolve them.  *This duty requires more of the
> ALJ than simply asking the VE whether his testimony is
> consistent with the DOT.*  Once the conflict has been
> identified, the Ruling requires the ALJ to offer a
> reasonable explanation for the discrepancy, and detail in
> his decision how he has resolved the conflict.  The failure
> to discharge this duty means that the ALJ's decision, when
> based on the contradicted VE testimony, is not supported
> by substantial evidence.

906 F.3d at 1356 (alteration bracketed; emphasis added).  In that case, the panel

found that the ALJ failed to comply with its duty under SSR 00-4P because it did

not notice—and thus did not resolve—a "glaring conflict" between the VE's

testimony and the DOT.  *Id.* at 1366.  As such, the panel concluded that the ALJ

erred in that respect, and its error was not harmless because, in failing to address

5

that conflict, the panel did not have a record upon which to conclude that the ALJ adequately resolved the conflict. *Id.* Accordingly, the panel reversed and remanded for further development of the record. *Id.* at 1366-67.

In this case, Zoslow is correct that the first VE's testimony that a hypothetical person with Zoslow's limitations could perform the sales attendant job conflicted with the DOT description of that job, which provided that the job involved significant serving of people. Moreover, Zoslow is also correct that the ALJ did not strictly comply with SSR 00-4p, because, while the ALJ recognized that conflict and attempted to resolve it by questioning two VEs as to that apparent tension, the ALJ did not expressly address or resolve that apparent conflict in its decision. SSR-004P; *Washington*, 906 F.3d at 1356.

Nevertheless, here, unlike in *Washington*, the ALJ's failure to explicitly address the aforementioned conflict in its written decision was harmless, because the record shows that the ALJ (in his colloquy with the second VE) acknowledged the conflict and resolved it by asking the second VE to clarify the level of public interactions required of the sales attendant position. *See Diorio*, 721 F.2d at 728 (applying harmless-error doctrine). As such, there is ample support in the record upon which we can conclude that the ALJ complied with its duties under SSR 00-4p.

Moreover, Zoslow has also failed to demonstrate that the ALJ violated its duty under SSR 00-4p in determining whether, based on his RFC, he could perform the duties required of an advertising materials distributor, because the record undermines Zoslow's contention that the testimony of the two VEs conflicted with the DOT's description of the duties required of that occupation. Thus, Zoslow has failed to show a conflict between the VEs' testimony and the DOT description of the advertising materials distributor position, and, consequently, he cannot demonstrate that the ALJ abdicated its duty under SSR 00-4p. *See* SSR 00-4p.

Finally, Zoslow has failed to demonstrate that the ALJ erred by relying on the VEs' testimony as to the number of assembler jobs that existed in the national economy. In making its step-five determination, the ALJ was permitted to rely on the VEs' testimony. *Washington*, 906 F.3d at 1360; *Phillips*, 357 F.3d at 1239-40. And since the ALJ posed the necessary hypothetical question—which included all of Zoslow's impairments—to the VEs, the VEs' testimony as to the number of assembler jobs in the national economy amounted to substantial evidence. *Wilson*, 284 F.3d at 1227. Thus, substantial evidence supports the ALJ's conclusion that an adequate number of assembler jobs existed in the national economy, and the ALJ did not err in relying on the VEs' testimony on that point.

Accordingly, we affirm.

**AFFIRMED.**

8